UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

v.                                                    **No. 4:23-cr-193-P-3**

**JAMES PEABODY (03),**

   Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Opposed Motion to Withdraw Plea of Guilty. ECF No. 146. Having considered the Motion and applicable law, the Court determines the Motion should be and hereby is **DENIED**.

### BACKGROUND

On Saturday, May 6, 2023, James Peabody was arrested at DFW International Airport. Assistant Public Defender John Stickney was appointed to represent him after Peabody swore in his financial affidavit that he could not afford to retain counsel. On July 5, 2023, the Government filed a felony information charging Peabody and two coconspirators with conspiracy to commit wire fraud (18 U.S.C. § 1349). Peabody and one coconspirator decided not to plead guilty at that time; consequently, on July 15, 2023, they were charged by superseding indictment, which contained two additional counts (18 U.S.C. § 1028A(a)(1)).

Next, on July 24, 2023, Peabody retained new counsel, David Wright. Approximately six weeks later, on August 30, 2023, Peabody pled guilty to one count of conspiracy to commit wire fraud, pursuant to a plea agreement. Sentencing was set for December 14, 2023. On August 30, 2023, the Honorable Hal Ray, Jr., promptly issued his report and recommendation that this Court accept Peabody's guilty plea, finding, among other things, that Peabody understood the nature of the charges and potential penalties, was competent, and "freely and voluntarily"

entered his plea of guilty. Judge Ray informed Peabody that he had fourteen days to object to those findings to which Peabody filed no objections. Two weeks later this Court accepted Judge Ray's report and recommendation regarding Peabody's guilty plea.

On October 25, 2023, the presentence report (PSR) was issued, finding that Peabody was a level 35 with a criminal history category II, yielding an advisory sentencing range of 188 to 235 months imprisonment. After obtaining a continuance of the sentencing hearing, Peabody lodged 23 objections to the PSR on December 13, 2023. On the same day, the Government filed a Response to those objections to which Peabody filed a *pro se* reply. Notably, in that pleading, Peabody disputes the PSR's finding that he has not accepted responsibility, claiming that he has done so; thus, maintaining his guilt in the commission of the offense.

On January 30, 2024, this Court issued an order tentatively finding that Peabody's 23 objections to the PSR were frivolous and that he should not receive a reduction for acceptance of responsibility. Peabody, through counsel, then filed motions to continue the sentencing hearing and to withdraw his guilty plea on January 30, 2023, and February 11, 2024, respectively. The Government filed their response and objection to Peabody's Withdraw Motion on February 20th.

## LEGAL STANDARD

At the heart of the American system of criminal justice lies the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime has been committed." *See* U.S. CONST. art. VI, § 1. But nobody goes to trial anymore.[1] Rather, a vast majority of cases plead out under the framework provided by Federal Rule 11. *See* FED. R. CRIM. P. 11(a)–(h); *see generally U.S. v. Gonzalez*, 309 F.3d 882, 885–888 (5th Cir. 2002) (explicating the rules governing

---

[1]In 2022, for instance, only 2.3% of federal criminal cases (1,669 of 71,952 defendants) went to trial. *See* J. Gramlich, *Fewer than 1% of federal criminal defendants were acquitted in 2022*, PEW RESEARCH (June 14, 2023), https://www.pewresearch.org/short-reads/2023/06/14/fewer-than-1-of-defendants-in-federal-criminal-cases-were-acquitted-in-2022.

plea and proffer agreements in federal court). Once a plea is made, the Court can "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." FED. R. CRIM. P. 11(c)(1).

Criminal defendants do not enjoy an absolute right to withdraw a guilty plea. *U.S. v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015); *see U.S. v. Lampazianie*, 251 F.3d 519, 523–24 (5th Cir. 2001) ("We note at the outset that there is no absolute right for a defendant to withdraw a plea."); *see also* FED. R. CRIM. P. 32(e) (noting acceptance of a withdrawal is within the Court's discretion). Rather, "a defendant may withdraw a guilty plea if he or she 'can show a fair and just reason for requesting the withdrawal.'" *United States v. Armendariz*, 80 F.4th 546, 550 (5th Cir. 2023) (quoting FED. R. CRIM. P. 11(d)(2)(B)). To determine if there's a "fair and just reason" for withdrawal, the Court analyzes seven factors originally enumerated in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). These include:

> (1) whether the defendant asserted his actual innocence; (2) whether withdrawal would prejudice the Government; (3) the extent of the delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources.

*Id.* Importantly, "no single factor or combination of factors mandates a particular result, and "the district court should make its determination based on the totality of the circumstances." *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996). Further, the Court is "not required to make findings as to each of the *Carr* factors. *United States v. Powell*, 354 F.3d 363, 370 (5th Cir. 2003). "[T]he burden of establishing a fair and just reason for requesting withdrawal under *Carr* 'rests with the defendant.'" *Harrison*, 777 F.3d at 234 (quoting *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998)).

## ANALYSIS

Peabody openly concedes in his briefing that his "only argument is aimed at the sixth factor in *Carr*: that his guilty plea was not knowing

3

and voluntary. ECF No. 146 at 4. For this reason, the Court will solely focus on this sixth factor.[2]

**Factor Six.** The sixth *Carr* factor asks whether a defendant's plea was knowing and voluntary. 740 F.2d at 434. The north star of any plea arrangement, a plea is considered "knowing and voluntary" where "the defendant . . . is advised of and understand[s] the consequences of the plea." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992). This consists of an objective element (*i.e.*, whether a defendant's lawyer advised them of relevant consequences) and a subjective element (*i.e.*, whether the defendant understood the consequences). The odds are stacked against defendants in Peabody's shoes, as "[a] defendant's 'statement that his plea was knowing and voluntary and that he understood the rights he was waiving create a presumption that in fact the plea is valid.'" *United States v. Landreneau*, 967 F.3d 443, 450 (5th Cir. 2020) (citing *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007)). Peabody makes no valid justifications for a finding that he was at least partially precluded from appreciating the consequences of his plea under the circumstances of this case. Instead, he makes a purely conclusory, four sentence statement that his plea was not knowing or voluntary. The entirety of the statement is as follows:

> The prosecution will point out the Magistrate faithfully went through the standard, scripted questions to ensure Defendant understood his rights and the plea was entering. But Defendant, acting *pro se,* now disputes 'knowing and voluntary' in his Objections to PSR and Government Response (doc. 134) and in his Notice of Withdrawal from Plea (Ex. 1).
>
> It is up to the Court to decide the weight and sufficiency of Defendant's claims. If a plea is not knowing and voluntary then that is sufficient to outweigh the other *Carr* factors, and is a fair and just reason for the Court to permit Defendant to withdraw his guilty plea. *United*

---

[2]Peabody also claims it is unclear whether the Court has already accepted his guilty plea. ECF No. 146 at 3. However, the Court accepted Judge Ray's Report and Recommendation to accept Peabody's guilty plea on September 14, 2023. *See* ECF No. 94. Therefore, it is undisputable that Peabody's guilty plea has been accepted by the Court.

*States* v. *McDonald,* 416 F. App'x 433 (5th Cir. 2011).

ECF No. 146 at 3–4.

In his letter to his attorney, Peabody claims he was unaware that he was going receive such a high level in his PSR. *See* ECF No. 146-1. He blames his attorney for this, saying Mr. Wright never went over the range with him. *Id.* Criminal defendants deserve to know the relevant facts when pleading guilty. While the Government doesn't have to play all its cards, the defendant should at least know what cards are on the table. Among other things, this calls for sufficient advice from a defendant's counsel under the circumstances of a given case. "In the context of a guilty plea, counsel's performance is deficient when his advice leaves the defendant unable to make an informed and conscious choice to plead guilty." *United States v. Cavitt*, 550 F.3d 430, 431 (5th Cir 2008). However, that is not the case here. The plea agreement that Peabody signed states that the guidelines are merely advisory, and his sentence could not be predicted with certainty. *See* ECF No. 80 at 2. Nothing in Peabody's Motion or in the docket makes clear that anything related to Mr. Wright's counsel was deficient or inadequate. Mr. Peabody was clearly accompanied by counsel when he made his plea and admitted to being fully aware of what he was pleading to and the consequences thereof. *See* ECF Nos. 80, 82.

Courts are typically loath to find a defendant made an unknowing or involuntary plea when represented by counsel unless such representation rises to the level of ineffective assistance of counsel. *See Cavitt*, 550 F.3d at 41. Given Mr. Peabody makes no substantive arguments to support his claim that his plea was not knowing and voluntary or in any way related to deficient counsel, the Court finds the sixth *Carr* factor does not weigh in favor of withdrawal.

## CONCLUSION

As noted above, the burden is on Peabody to establish a fair and just reason for withdrawing his guilty plea. *Harrison*, 777 F.3d at 234. He comes woefully short of doing so. Of the seven *Carr* factors that are analyzed to determine whether a defendant can withdraw a guilty plea,

Peabody merely mentions one and provides not factual support or analysis as to why the "knowing or voluntary" factor should apply to his case. *See generally* ECF No. 146. He merely makes a conclusory statement that his plea was not knowing or voluntary. *Id.* That will not do.

Accordingly, for the foregoing reasons, the Court **DENIES** Peabody's Opposed Motion to Withdraw Plea of Guilty. ECF No. 146.

**SO ORDERED** on this **22nd day** of **February 2024**.

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

6